

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-26-00299-CV

ISABEL SANZ-WILLEFORD, APPELLANT

V.

SOUTHWOOD FINANCIAL LLC AS TRUST MANAGER FOR
SOUTHWOOD FINANCIAL TRUST I, APPELLEE

On Appeal from the 251st District Court
Randall County, Texas
Trial Court No. 87075C, Honorable Ana Estevez, Presiding

August 5, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Isabel Sanz-Willeford, appeals from the trial court's order granting partial summary judgment in favor of Appellee, Southwood Financial LLC as Trust Manager of Southwood Financial Trust I ("Southwood Financial"). Because the order is neither a final judgment nor an interlocutory order made immediately appealable by statute, we dismiss the appeal the appeal for want of jurisdiction.

Southwood Financial sued Sanz-Willeford asserting claims for breach of promissory note, breach of contract, quantum meruit, promissory estoppel, and unjust enrichment. It later moved for summary judgment on its breach of promissory note and breach of contract claims. The motion did not address its remaining claims for quantum meruit, promissory estoppel, or unjust enrichment. By order signed May 8, 2026, the trial court granted summary judgment. In the order, the trial court expressly struck through language stating, "This Judgment finally disposes of all parties and all claims and is appealable." Sanz-Willeford thereafter perfected this appeal.

We have jurisdiction to hear an appeal from a final judgment or from an interlocutory order made immediately appealable by statute. *See Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001); *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex. 1998) (per curiam). "[W]hen there has not been a conventional trial on the merits, an order or judgment is not final for purposes of appeal unless it actually disposes of every pending claim and party or unless it clearly and unequivocally states that it finally disposes of all claims and all parties." *Lehmann*, 39 S.W.3d at 205–06.

The May 8, 2026, summary judgment order satisfies neither of the requirements necessary to constitute a final judgment. *See Lehmann*, 39 S.W.3d at 205–06. It contains no language indicating finality, and it does not dispose of Southwood Financials' remaining claims. Accordingly, the order is interlocutory. In the absence of a statute expressly authorizing an interlocutory appeal, this Court lacks jurisdiction and must dismiss the appeal.

2

By letter of July 7, 2026, we notified the parties that it did not appear we have jurisdiction and directed them to show grounds for continuing the appeal by July 21, 2026. Neither party responded.

Because there is neither a final judgment nor an appealable interlocutory order, we dismiss the appeal for want of jurisdiction.  *See* TEX. R. APP. P. 42.3(a).

Per Curiam